**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 16-153 (JRT/JTH) |
| Plaintiff, | |
| v. | **Order Denying Defendant's 28 U.S.C. § 2255 Motion** |
| MICHAEL WAYNE WADENA, | |
| Defendant. | |

Erica H. MacDonald, United States Attorney, and Deidre Y. Aanstad, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Michael Wayne Wadena, #20612-041, FCC Coleman, United States Penitentiary #1, PO Box 1033, Coleman, FL 33521, *pro se* defendant.

In 2016, Defendant Michael Wayne Wadena pleaded guilty to being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). (Plea Agreement at 1, Aug. 5, 2016, Docket No. 26.) At the time, Wadena had three previous convictions in Minnesota state courts, two for Third Degree Assault and one for a Fourth Degree Controlled Substance offense. (*Id.* at 3.)

The United States and Wadena disagreed over whether Wadena's prior convictions subjected him to the Armed Career Criminal Act's ("ACCA") fifteen-year mandatory minimum sentence. The ACCA's mandatory minimum applies when a federal defendant has at least three prior convictions, each conviction being for either a "serious drug offense"

or a "violent felony." 18 U.S.C. § 924(e)(1). A serious drug offense is defined as one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 624(e)(2)(A)(ii).

The United States argued that Wadena's three convictions qualified under the ACCA and that Wadena was therefore subject to the fifteen-year minimum sentence. (USA's Position on Sentencing at 6-12, May 5, 2017, Docket No. 42.) Wadena disagreed, and argued that the ACCA did not apply. (Def.'s Position on Sentencing at 6-16, Apr. 25, 2017, Docket No. 37.) As relevant here, Wadena admitted that his controlled substance conviction came with a statutory maximum of fifteen years imprisonment but argued that the conviction should not serve as an ACCA predicate because the Minnesota Sentencing Guidelines calculation used at his state sentencing prescribed a sentence below ten years. (*Id.* at 16.)

At the sentencing hearing, the Court overruled Wadena's objection to the ACCA enhancements, finding that clear Eighth Circuit and Supreme Court precedent foreclosed his guidelines-based argument. (Tr. at 10, May 19, 2017, Docket No. 57.) Finding that Wadena was subject to the ACCA's fifteen-year minimum, the Court sentenced Wadena to 180 months imprisonment. (Sentencing J. at 2, May 11, 2017, Docket No. 48.)

Wadena now files a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his Sentence. (Pro Se Motion to Vacate, Feb. 25, 2019, Docket No. 68.) He asserts that the Court incorrectly concluded that his controlled substance conviction was a serious drug offense and that the Court incorrectly applied the ACCA minimum. He argues that because

the Minnesota Sentencing Guidelines recommended a sentence below ten years, and because Minnesota courts must usually stay within the guidelines range, his conviction does not qualify as a serious drug offense.

Whatever the soundness of Wadena's argument then and now, the Court is bound by precedent to find that his controlled substance conviction qualifies as an ACCA predicate. It is clear that his statute of conviction carries with it a statutory maximum of fifteen years imprisonment. Minn. Stat. § 152.024 subd. 3. And, although the top of Wadena's sentencing guidelines calculation was far below ten years, the Supreme Court has made clear that "the phrase 'maximum term of imprisonment . . . prescribed by law' for the 'offense' was not meant to apply to the top sentence in a guidelines range" but instead was meant to apply to "to the maximum term prescribed by the relevant criminal statute." *United States v. Rodriquez*, 553 U.S. 377, 390-91 (2008). *See also Griffin v. United States*, 617 F. App'x 618, 624–25 (8th Cir. 2015) (holding that the statutory maximum determines whether a conviction qualifies as a serious drug offense); *United States v. Bynum*, 669 F.3d 880, 885 n. 3 (8th Cir. 2012) (discussing Minn. Stat. § 152.024 and its applicability as a serious drug offense). Wadena argues that Minnesota sentencing courts have limited discretion in departing from guideline ranges, and that his maximum sentence is therefore less than ten years. But the *Rodriquez* decision found that limited discretion dispositive, holding that "the top sentence in a guidelines range is generally not really the 'maximum term . . . prescribed by law' for the 'offense' because guidelines systems typically allow a sentencing judge to impose a sentence that exceeds the top of the guidelines range under appropriate circumstances." *Rodriquez*, 553 U.S. at 390.

Wadena also relies on *United States v. Haltiwanger*, 637 F.3d 881 (8th Cir. 2011), to argue that the Eighth Circuit does consider a defendant's specific possible sentencing outcomes in determining whether a prior conviction qualifies as a serious drug offense. However, the Eighth Circuit has distinguished *Haltiwanger* from the present situation because Haltiwanger's maximum statutory sentence was dependent on whether he was a repeat offender. *United States v. Jefferson*, 822 F.3d 477, 481 (8th Cir. 2016). Here, Wadena's maximum state sentence was clearly prescribed at fifteen years and was not dependent on Wadena meeting any prerequisites. Thus, *Haltiwanger* is inapplicable.

Because the Court accurately applied *Rodriquez* and its protégé, the Court did not err in finding that Wadena's Minnesota controlled substance conviction was an ACCA predicate offense. Accordingly, the Court did not err in finding that Wadena was subject to the ACCA's fifteen-year mandatory minimum sentence. The Court will therefore deny Wadena's § 2255 Motion.

The United States requests that the Court deny Wadena a certificate of appealability. The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969 (8th Cir. 2000). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). The Court finds that it is unlikely that another court would decide the issues raised in this § 2255 motion differently. For this reason, the Court concludes

that Wadena has failed to make the required substantial showing of the denial of a constitutional right, and the Court denies a certificate of appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Wadena's Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 68] is **DENIED**;

2. Wadena's Motion to Compel the Government to Respond [Docket No. 75] is **DENIED** as moot.

3. No certificate of appealability is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 19, 2019　　　　　　　　　　　　_____s/John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　United States District Court