# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL WAYNE WADENA,<br><br>  Defendant. | Criminal No. 16-153 (JRT)<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Deidre Y. Aanstad, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Craig S. Hunter, **NORTHLAND LAW,** P.O. Box 205, 113 Sixth Avenue West, Grand Marais, MN 55604, for defendant; Michael Wayne Wadena, BOP Reg. No. 20612-041, USP Coleman I, P.O. Box 1033, Coleman, FL 33521, pro se.

Defendant Michael Wayne Wadena is serving a 180-month sentence after pleading guilty to being an armed career criminal in possession of a firearm. Wadena asks the Court to grant him compassionate release due to the COVID-19 pandemic. Because Wadena fails to demonstrate that extraordinary and compelling reasons warrant reduction of his sentence, and because such a reduction would be inconsistent with the 18 U.S.C. § 3553(a) sentencing factors and applicable policy statements, the Court will deny Wadena's Motion for Compassionate Release.

## BACKGROUND

On August 5, 2016, Wadena pleaded guilty to being an armed career criminal in possession of a firearm. (Plea Agreement at 1, Aug. 5, 2016, Docket No. 26.) On December 7, 2017, Wadena was sentenced to a 180-month term of imprisonment followed by five years of supervised release. (Sentencing J. at 2–3, May 11, 2017, Docket No. 48.)

Wadena is currently incarcerated at a United States Penitentiary in Sumterville, Florida ("USP Coleman-I"). *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Jun. 25, 2021). His projected release date is April 26, 2029. *Id.* After accounting for good time, Wadena has served approximately 40% of the statutory term of imprisonment. (Ex. A at 3, Mar. 1, 2021, Docket No. 113-1.)

Currently, USP Coleman-I has no reported active COVID-19 cases among inmates and one among staff. *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 25, 2021). There have been no reported COVID-19-related deaths during the pandemic. *Id.* Across the Coleman Federal Correctional Complex, 3675 inmates and 546 staff members have been fully vaccinated for COVID-19. *Id.*

On August 2, 2020, Wadena requested a reduction in sentence from the warden at USP Coleman-I, which the warden denied on December 2. (Ex. B at 1, Mar. 1, 2021, Docket No. 113-2; Ex. C at 1, Mar. 1, 2021, Docket No. 113-3.) Wadena now asks the

Court to reduce his sentence to time served,[1] (Mot. Compassionate Release, Oct. 19, 2020, Docket No. 96), which the United States opposes.[2]

**DISCUSSION**

The First Step Act, passed in December 2018, amended the procedure for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)). The law now allows defendants, in addition to the Bureau of Prisons ("BOP"), to move for compassionate release after a defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Here, the relevant 30 days have lapsed; thus, Wadena's Motion is ripe for review.

The Court may modify a defendant's sentence after considering the "factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant

---

[1] Wadena also submitted several letters to the Court, suggesting that the medical treatment he is receiving regarding his kidneys is inadequate and therefore in violation of the Eighth Amendment. While the Court will not consider these claims here, as they must be made in a properly filed *Bivens* complaint, *see, e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 830 (1994), the Court notes that the Bureau of Prisons is obligated to provide adequate medical care, *see Estelle v. Gamble*, 429 U.S. 97, 103–05 (1976).

[2] The parties have filed three additional motions. Wadena asks the Court to seal documents filed in connection with his Motion for Compassionate Release. (Mot. Seal, Mar. 2, 2021, Docket No. 114; Mot. to Seal, May 17, 2021, Docket No. 119.) Because the documents involve particularly sensitive material, the Court will grant these Motions. The United States filed a Motion for Leave to File Out of Time, (Mot. Leave, Mar. 17, 2021, Docket No. 115), which the Court will grant as well.

such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Sentencing Commission notes that extraordinary and compelling reasons may exist when a defendant is suffering from a terminal illness or a serious physical or medical condition that substantially diminishes the defendant's ability to provide self-care. U.S.S.G. § 1B1.13 cmt. n.1.

Wadena does suffer from several medical conditions, some of which are serious.[3] However, Wadena's medical records do not demonstrate that any condition is a terminal illness or substantially diminishes his ability to provide self-care. Additionally, at this time, there are no reported active COVID-19 cases among USP Coleman-I inmates, and a significant number of staff and inmates across the Coleman complex have been fully inoculated. As such, the Court finds that no extraordinary or compelling reason warrants a reduction of Wadena's sentence.

The Court also finds that a reduction of Wadena's sentence would not comport with the factors set forth in § 3553(a) and the applicable Sentencing Commission statement. 18 U.S.C. § 3553(a); U.S.S.G. § 1B1.13. Wadena has served less than half of the statutory term of imprisonment. Reducing his term of imprisonment to time served would therefore create sentence disparities and minimize the seriousness of his crime. Furthermore, Wadena's criminal history involves incidents of violence, and he has had

---

[3] (*See* Ex. H at 29–30, Mar. 17, 2021, Docket No. 118-2.)

several disciplinary infractions while imprisoned, some involving violence.[4]  Reducing Wadena's sentence to time served would therefore pose a danger to others and the community.

In sum, extraordinary and compelling reasons do not warrant a reduction of Wadena's sentence.  Nor would such a reduction be consistent with the relevant sentencing factors and policy statements.  The Court will therefore deny Wadena's Motion.

**ORDER**

Based on the foregoing and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Compassionate Release [Docket No. 96] is **DENIED**.

2. Defendant's Motion to Seal [Docket No. 114] is **GRANTED**.  The Clerk of Court is instructed to seal the declaration and accompanying exhibits filed at Docket No. 113 for 15 years.

3. Defendant's Motion to Seal [Docket No. 119] is **GRANTED**.  The Clerk of Court is instructed to seal the declaration and accompanying exhibits filed at Docket No. 118 for 15 years.

---

[4] (*See* Ex. A at 6–7.)

4. The United States' Motion for Leave to File Out of Time [Docket No. 115]

   is **GRANTED**.

DATED: June 29, 2021                        _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                                           Chief Judge
                                         United States District Court