# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                                        Criminal No. 16-153 (JRT)

                  Plaintiff,

v.                                          **MEMORANDUM OPINION AND ORDER**
                                      **DENYING DEFENDANT'S MOTIONS**

MICHAEL WAYNE WADENA,

                  Defendant.

---

Deidre Y. Aanstad, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Michael Wayne Wadena, BOP Reg. No. 20612-041, USP Coleman I, P.O. Box 1033, Coleman, FL 33521, *pro se* defendant.

Defendant Michael Wayne Wadena is serving a 180-month sentence after pleading guilty to being an armed career criminal in possession of a firearm.  Wadena has filed a series of motions he styles as motions to reduce his sentence under the First Step Act and 18 U.S.C. § 3582(c)(1)(A).  The Court will deny Wadena's motions because (1) his motions are in substance predominantly an attempt to bring a second or successive motion under 28 U.S.C. § 2555 for which the Court does not have jurisdiction to consider and (2) to the extent the motions properly raise a motion for compassionate release under § 3582, the Court has already denied this motion, the Eighth Circuit has affirmed this denial and Wadena has not followed the proper procedure to file a new motion.  The Court will also deny Wadena's motion to appoint counsel as moot.

## BACKGROUND

On August 5, 2016, Wadena pleaded guilty to being an armed career criminal in possession of a firearm.  (Plea Agreement at 1, Aug. 5, 2016, Docket No. 26.)  On May 9, 2017, Wadena was sentenced to a 180-month term of imprisonment and five years of supervised release.  (Sentencing J. at 2–3, May 11, 2017, Docket No. 48.)

After pleading guilty, Wadena appealed the Court's application of the Armed Career Criminal Act ("ACCA") to his sentencing, and the Eighth Circuit affirmed application of ACCA and the sentence.  *United States v. Wadena*, 895 F.3d 1075 (8th Cir. 2018).  Wadena then filed a 28 U.S.C. § 2255 motion to vacate his sentence which the Court denied and then denied him a certificate of appealability.  *United States v. Wadena*, No. 16-153, 2019 WL 3253065 (D. Minn. July 19, 2019).  Wadena appealed this to the Eighth Circuit which denied the appeal for lack of jurisdiction.  *Wadena v. United States*, No. 20-1513, 2020 WL 5357831 (8th Cir. Apr. 3, 2020).

Wadena then filed a motion for compassionate release with this Court after the warden of his prison denied his request for a reduction of his sentence.  *United States v. Wadena*, No. 16-153, 2021 WL 2661437, at *1 (D. Minn. June 29, 2021).  The Court denied his motion for compassionate release concluding that, although Wadena suffers from severe medical conditions, they did not demonstrate an extraordinary or compelling reason to reduce his sentence and that reducing his sentence would not comport with

the § 3553(a) factors or the applicable Sentencing Commission statement.  *Id.* at *2.  The Eighth Circuit affirmed.  (J. of USCA, July 9, 2021, Docket No. 129.)

Wadena has again asked the Court to reduce his sentence across a series of filings. (Mot. Reduce Sentence, Sept. 27, 2021, Docket No. 131; Am. Mem. Supp. Mot., Oct. 12, 2021, Docket No. 133; Am. Mot., Dec. 17, 2021, Docket No. 136; 2nd Am. Mot., Jan. 14, 2022, Docket No. 137; Mem. Supp. Mot., May 5, 2022, Docket No. 142.)  He also requests the Court appoint counsel for his motions.  (Mot. Appoint Counsel, Oct. 12, 2021, Docket No. 132.)

**DISCUSSION**

Although Wadena styles his motions as motions to reduce his sentence under the First Step Act and 18 U.S.C. § 3582(c)(1)(A), the main substance of his arguments are that ACCA does not apply to his case.  He specifically asks the Court to resentence him without the ACCA enhancement.  (*E.g.*, Mot. Reduce Sentence at 1.)  He argues that *Borden v. United States*, 141 S. Ct. 1817 (2021), undermines the application of ACCA to his sentencing and changes to the law governing sentencing qualify as extraordinary and compelling reasons that can merit compassionate release.  (*Id.* at 6, 13.)  Wadena also briefly asks the Court to reconsider its previous denial of compassionate release in part because (1) of his medical conditions, (2) there have been active COVID-19 cases at his prison, and (3) granting him compassionate release would be consistent with the factors courts consider.  (*E.g.*, *id.* at 15–16; Am. Mot. 12–14; Mem. Supp. Mot. at 7–8.)

-3-

Wadena's argument that the ACCA should not apply to his case is an attack on his original sentencing.  A post-judgment motion attacking a federal sentence is typically treated as a § 2255 motion no matter the label a defendant applies to the motion.  *See United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020); *see also Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009).  Wadena, however, has already filed a § 2255 motion in this case.   This Court cannot consider a second or successive § 2255 motion without authorization from the Eighth Circuit.  *See* 28 U.S.C. § 2255(h).  Wadena has not sought authorization from the Eighth Circuit to file a second or successive § 2255 motion.  Therefore, Wadena's arguments attacking application of the ACCA enhancement to his sentence constitute an unauthorized § 2255 motion and the Court cannot consider it.[1] *See Fine*, 982 F.3d at 1118–19.  The Court will deny Wadena's motions to the extent that they are in substance § 2255 motions.[2]

Wadena, however, does briefly raise issues that may be properly construed as supporting a § 3582(c)(1)(A) compassionate release motion, namely that COVID-19 continues to create serious risks for him and releasing him would be consistent with the other factors courts must consider.  It is unclear whether Wadena intends to raise these

---

[1] Wadena appears to recognize that the Court cannot consider another § 2255 motion at this time.  (Mot. Appoint Counsel at 2.)

[2] The Court also notes that the Eighth Circuit may have foreclosed Wadena's argument on the merits.  After *Borden*, the Eighth Circuit noted—citing its previous ruling in *United States v. Wadena*, 895 F.3d 1075 (8th Cir. 2018)—that third-degree assault under Minnesota law qualifies as an ACCA violent felony and rejected many of the arguments Wadena makes in his Motions. *United States v. Huntington*, 44 F.4th 812, 814–15 (8th Cir. 2022) (per curiam).

issues as a motion to reconsider the previous denial or as a new motion for compassionate release. In one place he asks the Court to reconsider the previous denial. In other places, he does not reference or ask the Court to reconsider the previous order. To the extent that Wadena asks the Court to reconsider his previous motion, the Court's denial has been affirmed by the Eighth Circuit. Asking this Court to reverse course now is to effectively ask this Court to overrule the Eighth Circuit—something it cannot do. To the extent that Wadena is attempting to file a new motion for compassionate release, Wadena must follow the procedures laid out in the First Step Act. Before filing a motion with the Court, Wadena must first file a new request with the warden of the prison where he is incarcerated and then can only file a motion with the Court after either exhausting his administrative rights or thirty days have lapsed. *See* 18 U.S.C. § 3582(c)(1)(A). Wadena provides no evidence and does not assert that he has satisfied the exhaustion requirements for a new motion. Therefore, the Court will deny Wadena's motions to the extent that they are compassionate release motions under the First Step Act.

Because the Court will deny Wadena's other motions, his motion seeking the appointment of counsel is moot and the Court will deny it as such.[3]

---

[3] In his motion to appoint counsel, Wadena suggests that he is not receiving the proper access to the law library and legal resources he needs to meaningfully access the courts. While the Court will not consider these claims here as they must be made in a properly filed *Bivens* complaint, *see, e.g.*, *Holper v. Kallis*, No. 20-1096, 2020 WL 6106183, at *1 (D. Minn. May 27, 2020), *R&R adopted*, 2020 WL 4915837 (D. Minn. Aug. 21, 2020), the Court notes that the Bureau of Prisons is obligated to provide inmates with sufficient access to law libraries and legal materials

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.  Defendants' Motions [Docket Nos. 131, 136, and 137] are **DENIED**, and

2.  Defendants' Motion to Appoint Counsel [Docket No. 132] is **DENIED as**

    **moot**.

DATED:  September 14, 2022                                         _____
at Minneapolis, Minnesota.                                              JOHN R. TUNHEIM
                                                                       United States District Judge

---

such that they have a "reasonably adequate opportunity" to exercise their right of access to the courts, *see Lewis v. Casey*, 518 U.S. 343, 350–51 (1996).