UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES, | |
| Plaintiff, | Criminal No. 16-153 (JRT) |
| v. | |
| MICHAEL WAYNE WADENA, | MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION |
| Defendant. | |

---

Deidre Y. Aanstad and Lisa D. Kirkpatrick, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Michael Wayne Wadena, BOP Reg. No. 20612-041, USP Coleman I, P.O. Box 1033, Coleman, FL 33521, pro se Defendant; Craig S. Hunter, **NORTHLAND LAW**, P.O. Box 205, 113 Sixth Avenue West, Grand Marais, MN 55604, for Defendant.

Michael Wayne Wadena is currently serving a 180-month sentence after pleading guilty to being an armed career criminal in possession of a firearm. He has filed several post-conviction appeals and motions for relief with the Court and the Eighth Circuit. All previous requests for relief have been denied. Wadena is again asking the Court to vacate his sentence pursuant to 28 U.S.C. § 2255 in light of two recent Eighth Circuit decisions. The United States has moved to dismiss Wadena's § 2255 motion. Because Wadena's request is an impermissible successive motion without authorization from the Eighth Circuit, the Court does not have jurisdiction to grant relief. As such, the United States'

motion to dismiss will be granted and Wadena's motion to vacate his sentence will be denied.

## BACKGROUND

On August 5, 2016, Wadena pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  (Plea Agreement, Aug. 5, 2016, Docket No. 26.)  At the time of his plea, he had at least three previous convictions in Minnesota state courts, two for Third Degree Assault and one Fourth Degree Controlled Substance offense.  (*Id.* at 3.)   He was sentenced to a mandatory minimum of 180 months' imprisonment with a supervised release term of five years, over objections that his controlled substance conviction did not serve as an Armed Career Criminal Act (ACCA) predicate offense.  (Sentencing J., May 11, 2017, Docket No. 48; Order Den. Def.'s 28 U.S.C. § 2255 Motion, July 19, 2019, Docket No. 79.)  The Eighth Circuit affirmed both his sentence and that the ACCA applies to Wadena's conviction and subsequent sentence. (8th Circuit Order at 2–4, July 18, 2018, Docket No. 65.)

After the unsuccessful appeal to the Eighth Circuit, Wadena filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255, claiming that he did not qualify as an armed career criminal because his prior drug conviction did not qualify as a serious drug offense. (Pet. Mem. Supp. Mot. Vacate, Feb. 25, 2019, Docket No. 69.)  After careful analysis, the Court denied this motion to vacate, finding that his controlled substance conviction did serve as a predicate offense under the ACCA.  (Order Den. Def.'s 28 U.S.C. § 2255 Mot.) The Court refused to certify the issue for appeal.  (*Id.* at 4–5.)  Wadena then filed a

certificate of appealability directly with the Eighth Circuit. (Appl. Issuance of Certificate of Appealability, Mar. 31, 2020, Docket No. 89.) This application was denied for lack of jurisdiction. (8th Cir. J., Apr. 3, 2020, Docket No. 90.) He again sought a certificate of appealability from this Court, which was subsequently denied. (Order Den. Certificate of Appealability, June 11, 2020, Docket No. 93.) Wadena then appealed to the Supreme Court with a petition for certiorari, which was ultimately denied. (Pet. for Cert., Aug. 18, 2020, Docket No. 94; Cert. Den., Oct. 6, 2020, Docket No. 95.)

Subsequently, Wadena sought relief through a motion for compassionate release. (Mot. Compassionate Release, Oct. 19, 2020, Docket No. 96.) Because the Court found no extraordinary and compelling reasons warranted compassionate release, it denied the motion. (Order Den. Mot. Compassionate Release, June 29, 2021, Docket No. 124.) The Eighth Circuit affirmed this denial. (8th Circuit J., July 9. 2021, Docket No. 129.)

Wadena continued to file motions for relief, stylized as compassionate relief but substantively arguing that the ACCA does not apply to him. The Court denied a motion for reduced sentence because it is unable to hear a second or successive motion under 28 U.S.C. § 2255 and, to the extent it was a new motion for compassionate release, Wadena did not exhaust all administrative procedures. (Order Den. Def.'s Mots., Sept. 14, 2022, Docket No. 146.) He then filed two appeals with the Eighth Circuit requesting permission to file a second or successive motion under 28 U.S.C. § 2255, both of which

were denied. (8th Circuit J., Nov. 30, 2022, Docket No. 147; 8th Circuit J., Dec. 13, 2022, Docket No. 149 ("Eighth Circuit Js. 28 U.S.C. § 2255").)

Wadena has once again filed a motion under 28 U.S.C. § 2255. (Mot. to Vacate under 28 U.S.C. § 2255, Mar. 13, 2023, Docket No. 152.) The United States then filed a motion to dismiss Wadena's § 2255 motion, arguing that it is an unauthorized successive motion so the Court lacks jurisdiction to consider it. (Gov't's Mot. Dismiss, Mar. 16, 2023, Docket No. 156.) Wadena asserts that it is not an unauthorized second or successive § 2255 motion because new cases have been decided since his first § 2255 request was filed. (Def.'s Reply to Gov't's Mot. Dismiss at 3, Apr. 17, 2023, Docket No. 157.)

I.    ANALYSIS

28 U.S.C. § 2255 allows a federal prisoner to seek relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Relief under 28 U.S.C. § 2255 may only be granted in limited circumstances. One limitation exists with regard to "second or successive" § 2255 motions, which require

prior approval from the circuit court. 28 U.S.C. § 2255(h); *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018). This rule is not discretionary and cannot be circumvented by simply refiling in the district court. *Boykin v. United States*, 242 F.3d 373, 373 (8th Cir. 2000) (describing the court of appeals approval requirement as "absolute").

While not all § 2255 motions filed second in time meet the definition of "second or successive," the exceptions are very narrow. *Panetti v. Quaterman*, 551 U.S. 930, 944 (2007). *See also* 28 U.S.C. § 2255(h) (providing the approval process for "second or successive" motions under 28 U.S.C. § 2244). Successive petitions will be allowed if there is a new rule of constitutional law, decided by the Supreme Court and made retroactive, or the factual predicate for the petition was unknown at the time of the previous petition. 28 U.S.C. § 2244(b)(2). A petition does not fall within these exceptions merely because there is new case law that did not exist when the first petition was filed. *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017).

Wadena argues that his current § 2255 motion is not second or successive because the case law was not available at the time of the initial petition. However, the recent cases Wadena relies on are *United States v. Owen* and *United States v. Heard*, which are both Eighth Circuit cases. (Def.'s Reply to Gov't's Mot. Dismiss at 1.) *See United States v. Owen*, 51 F.4th 292 (8th Cir. 2022); *United States v. Heard*, 62 F.4th 1109 (8th Cir. 2023). Because these are not Supreme Court cases finding a new rule of constitutional law and applying it retroactively, *Owen* and *Heard* do not meet the exception. Further, the factual

circumstances of Wadena's petition have not changed and were available to him when he filed his first petition. His current § 2255 motion is therefore second or successive.

Wadena's first § 2255 motion was denied and no certificate of appeal was granted. (Order Den. Def.'s 28 U.S.C. § 2255 Motion.) Wadena then filed two requests with the Eighth Circuit for the ability to file another § 2255 motion. (Eighth Cir. Js. 28 U.S.C. § 2255.) Both requests were denied. (*Id.*) Because he failed to gain the necessary circuit court approval for a second or successive § 2255 motion, the Court must deny his motion and grant the United States' motion to dismiss.

Additionally, Wadena asks the Court to rule on his Rule 60(d)(3) Fraud on the Court motion. (Pro Se Letter, Dec. 27, 2022, Docket No. 151.) However, the Court has not received that motion so it cannot make a decision at this time. If Wadena believes there are grounds for fraud on the Court, he should file a formal Rule 60(d)(3) motion for the Court to consider.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 152] is **DENIED**; and

2. Government's Motion to Dismiss Defendant's Unauthorized Successive Motion to Vacate Sentence Under 28 U.S.C. § 2255 For Lack of Jurisdiction [Docket No. 156] is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  May 30, 2023                                          s/John R. Tunheim
at Minneapolis, Minnesota.                                         JOHN R. TUNHEIM
                                                                                 United States District Judge