# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

                                         Criminal No. 16-153 (JRT)

                Plaintiff,

v.

                              **MEMORANDUM OPINION AND ORDER**

MICHAEL WAYNE WADENA,              **DENYING DEFENDANT'S MOTION**

                Defendant.

Deidre Y. Aanstad, Lisa D. Kirkpatrick, and William C. Mattessich **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Michael Wayne Wadena, BOP Reg. No. 20612-041, USP Coleman I. C-Unit 206, P.O. Box 1033, Coleman, FL 33521, *pro se* Defendant.

On August 5, 2016, Defendant Michael Wayne Wadena pleaded guilty to being an armed career criminal in possession of a firearm. (Plea Agreement at 1, Aug. 5, 2016, Docket No. 26.)   On May 9, 2017, Wadena was sentenced to a 180-month term of imprisonment and five years of supervised release.  (Sentencing J. at 2–3, May 11, 2017, Docket No. 48.)

After pleading guilty, Wadena appealed the Court's application of the Armed Career Criminal Act ("ACCA") to his sentencing, and the Eighth Circuit affirmed application of the ACCA and the sentence.  *United States v. Wadena*, 895 F.3d 1075, 1077 (8th Cir. 2018).  Wadena then filed a 28 U.S.C. § 2255 motion to vacate his sentence, which the

Court denied and declined to grant him a certificate of appealability.  *United States v. Wadena*, No. 16-153, 2019 WL 3253065, at *2 (D. Minn. July 19, 2019).  Wadena appealed this to the Eighth Circuit, which denied the appeal for lack of jurisdiction.  *Wadena v. United States*, No. 20-1513, 2020 WL 5357831, at *1 (8th Cir. Apr. 3, 2020).  Wadena again sought a certificate of appealability from the Court, which was denied.  (Appl. Issuance of Certificate of Appealability, Mar. 31, 2020, Docket No. 89; Order Den. Certificate of Appealability, June 11, 2020, Docket No. 93.)  Wadena then appealed to the Supreme Court with a petition for certiorari, which was ultimately denied.  (Pet. For Cert., Aug. 18, 2020, Docket No. 94; Cert. Den., Oct. 6, 2020, Docket No. 95.)

Wadena then filed a motion for compassionate release with the Court after the warden denied his request for a reduction of his sentence, which the Court also denied. *United States v. Wadena*, No. 16-153, 2021 WL 2661437, at *1 (D. Minn. June 29, 2021). The Eighth Circuit affirmed.  (J. of USCA, July 9, 2021, Docket No. 129.)  Wadena then filed a second motion for compassionate release, which the Court denied because it was substantively an attempt to bring an unauthorized second or successive motion under 28 U.S.C. § 2255.  *United State v. Wadena*, No. 15-153, 2022 WL 4238260, at *1 (D. Minn. Sep. 14, 2022).

Wadena then filed two appeals with the Eight Circuit requesting permission to file a second or successive motion under 28 U.S.C. § 2255, which were both denied. (J. of USCA on successive 2255 Docket Nov. 30, 2022, No. 147; J. of USCA on successive 2255

Dec. 13, 2022, Docket No. 149 ("Eighth Cir. Js. 28 U.S.C. § 2255").)  Despite this, Wadena brought another motion under 28 U.S.C. § 2255, which the Court dismissed because he failed to gain the necessary circuit court approval for a second or successive motion. (Order Den. Def.'s Mot. Vacate, May 30, 2023, Docket No. 160.)

Wadena has now filed another motion challenging the application of the ACCA to his sentence, this time framed as a motion for relief based on fraud upon the Court under Federal Rule of Civil Procedure 60(d)(3).  (Mot. Relief Pursuant to Fed. R. Civ. P. 60(d)(3) at 7, 13, June 20, 2023, Docket No. 163.)

The Court has repeatedly explained to Wadena that a post-judgment motion attacking a federal sentence is typically treated as a § 2255 motion—no matter the label a defendant applies to the motion.  *See United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020); *see also Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009).  The Court has already considered at least one § 2255 motion from Wadena in this case.  The Court cannot consider a second or successive § 2255 motion without authorization from the Eighth Circuit.  *See* 28 U.S.C. § 2255(h).  Wadena has twice been denied authorization to file a successive motion under § 2255.  (Eighth Cir. Js. 28 U.S.C. § 2255.)  Therefore, the Court cannot consider Wadena's arguments attacking application of the ACCA enhancement to his sentence.  As such, the Court will deny Wadena's motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Relief Pursuant to Fed. R. Civ. P. 60(d)(3) [Docket No. 163] is **DENIED**.


DATED: June 29, 2023                         ___s/John R. Tunheim___
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                            United States District Judge